1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTINA MARIE EVERS,                    No.  2:25-cv-2094-DC-SCR

12                 Plaintiff,

13          v.                                 ORDER AND FINDINGS &
                                               RECOMMENDATIONS
14   RYAN BARNES, JIMMY ESCAJEDA,
     and TANYA AKER,
15
                   Defendants.
16

17

18          Plaintiff is proceeding pro se in this action, which was accordingly referred to the

19   undersigned.  ECF No. 1.  Plaintiff has filed a motion for leave to proceed in forma pauperis

20   ("IFP") and submitted the affidavit required by that statute.  ECF No. 2; *see* 28 U.S.C. §

21   1915(a)(1).  The District Judge assigned to this case has also referred Plaintiff's Motion for a

22   Temporary Restraining Order ("TRO") to the undersigned.  ECF Nos. 3-4.

23          The motion to proceed IFP, ECF No. 2, will be granted.  Upon screening the Complaint,

24   however, the Court finds that it lacks subject matter jurisdiction and recommends dismissal

25   without leave to amend, and recommends dismissal of the TRO for the same reason.

26                       **I.        LEGAL STANDARD**

27          A court may authorize a person to proceed in an action without prepayment of fees if that

28   person "submits an affidavit that includes a statement of all assets…that the person is unable to

                                        1

1    pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  The federal IFP statute,

2    however, requires federal courts to dismiss such a case if the action is legally "frivolous or

3    malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from

4    a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the

5    complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The

6    Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-

7    rules-practice-procedure/federal-rules-civil-procedure.

8         Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

9    plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

10   court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

11   to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

12   sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

13   Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in

14   the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

15   Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

16        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

18   court will (1) accept as true all the factual allegations contained in the complaint, unless they are

19   clearly baseless or fanciful; (2) construe those allegations in the light most favorable to the

20   plaintiff; and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327.

21        The court applies the same rules of construction in determining whether the complaint

22   states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court

23   must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must

24   construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

25   less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520

26   (1972).  However, the court need not accept as true conclusory allegations, unreasonable

27   inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618,

28   624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.    COMPLAINT AND MOTIONS

Plaintiff Christina Evers is a resident of Sacramento, California, whereas Defendants are residents of Palm Springs, California, and Davis, California. ECF No. 1 at 2-4. Without referencing any statute or constitutional provision, the Complaint vaguely asserts that Defendants Escajeda and Aker both have a dispute with Plaintiff, but would both go to her husband, Jonathan Evers, to complain instead of working the problem out with her directly. *Id.* at 5. As to requested relief, Plaintiff "wants to add" Escajeda and Aker "to person from whom protection is sought." *Id.* at 6.

Plaintiff's TRO application is a semi-completed state court TRO application (Form CH-110) seeking to keep Defendant Barnes, Plaintiff's ex-boyfriend, at least 1000 yards away from Plaintiff, her husband, her house, her car, her school, and her place of work. *See* ECF No. 3 at 9-10, 12. It alleges that Barnes texted Mr. Evers on May 20, 2025, calling him names and using several vulgar words. *Id.* at 9. It further asserts that Barnes is friends with people who know where the Evers family's address and vehicle, and Plaintiff has feared a physical altercation would follow the text. *Id.* at 11.

The IFP application alleges that Plaintiff receives $1,200 in Supplemental Security Income ("SSI") per month for herself, $144 in SSI for her husband, and $700 for In-Home Supportive Services ("IHSS") every two weeks. ECF No. 2 at 1, 4. She has $200 saved, plus a 2025 Dodge Caravan, and receives an unspecified amount of Food Stamps and Medi-Cal benefits.

*Id.* at 2-3.  Monthly expenses include $1,425 in rent and maintenance, $300 in food and household items, $187 in utilities, $300 for clothing, $150 for laundry, and $218 in assorted transportation costs.  *Id.* at 4.

### III.    ANALYSIS

Plaintiff's IFP application asserts that the Evers family has a total monthly income of $2,744 and monthly expenses of $2,580.  ECF No. 2.  Although Plaintiff also admits to receiving an unspecified amount of Food Stamps and Medi-Cal benefits, it is unlikely that this amount results in a substantial surplus of income per month.  *Id.* at 3.  Plaintiff has demonstrated that she currently does not have the resources to pay filing fees in this action.  *See* 28 U.S.C. § 1915(a)(1).  Leave to proceed IFP is granted.

Plaintiff's Complaint, however, fails to establish that federal subject matter jurisdiction.  Plaintiff openly admits that the allegations do not give rise to a claim under federal law or the U.S. Constitution.  ECF No. 1 at 4.  As all Defendants and Plaintiffs are California citizens, this Court does not have diversity jurisdiction under 28 U.S.C. § 1332.  *Id.* at 2-4.

This action should therefore be dismissed for lack of subject matter jurisdiction.  For the same reasons, there is no federal jurisdiction for this Court to entertain Plaintiff's request for a TRO.

### IV.    AMENDING THE COMPLAINT

Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Akhtar*, 698 F.3d at 1212.  Here, however, the allegations do not suggest any additional facts Plaintiff can plead to establish federal question jurisdiction, or to establish diversity between the parties.  The undersigned therefore recommends dismissal without leave to amend.

### V.    PRO SE PLAINTIF SUMMARY

The magistrate judge is recommending that your case be dismissed because you cannot plead facts that would grant this Court subject matter jurisdiction over this matter.

You can object to this recommendation in writing within 14 days.  The District Judge will

4

consider your objections and make a final decision.

## VI.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed IFP (ECF No. 2) be GRANTED.

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and

2.  Plaintiff's Motion for a Temporary Restraining Order (ECF No. 3) be DENIED as the Court lacks jurisdiction over any request for relief.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 4, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE